**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GEORGE ALFORD FORD,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-873-A** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United

States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

**A.     NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.     PARTIES**

Petitioner George Alford Ford, TDCJ-ID #1367960, is a state prisoner presently incarcerated

in the Hutchins State Jail facility of the Texas Department of Criminal Justice, Correctional

Institutions Division, in Dallas, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

## C.     PROCEDURAL HISTORY

Ford is serving a twelve-month state jail sentence for his April 20, 2006, conviction for unauthorized use of a motor vehicle in Cause Number CCCR-06-02804-A in the 220th Judicial District Court of Comanche County, Texas.  (Petition at 2.)  In this petition, filed on October 19, 2006, Ford seeks pretrial time credit for the time he spent in jail pending trial from February 3, 2006, through March 8, 2006.  (*Id*. at 7-8.)  Ford filed a state habeas application raising his time-credit claim, which was dismissed by the Texas Court of Criminal Appeals pursuant to § 501.0081(b) of the Texas Government Code on August 30, 2006.   (State Habeas R. at cover.) *See* http://www.cca.courts.state.tx.   Quarterman has filed an answer, supported by a brief and documentary exhibits, to which Ford did not reply.

## D.     RULE 5 STATEMENT

Quarterman contends that Ford has failed to exhaust his state remedies on the issue presented and moves for dismissal without prejudice on exhaustion grounds.  (Resp't Answer at 2-4.) Notwithstanding Ford's failure to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1), his claim is addressed on the merits.  28 U.S.C. § 2254(b)(2).

## E.     DISCUSSION

Ford seeks credit for the time he spent in jail from the date of his re-arrest on February 3, 2006, through March 8, 2006.  (Petition at 7-8.)  However, there is no federal constitutional right to credit for time served prior to sentencing.[1]  *See Bayless v. Estelle*, 583 F.2d 730, 732 (5th Cir.

---

[1]There is an exception if the denial of credit for presentence confinement *in jail* effectively extends the total time served beyond the maximum prescribed sentence for the crime when the confinement is the result of an inmate's failure to make bail due to indigence; however, Ford's 12-month sentence plus the time for which he now claims credit is less than the maximum prescribed

(continued...)

1978); *Gremillion v. Henderson*, 425 F.2d 1293, 1293-94 (5ᵗʰ Cir. 1970).  Federal habeas corpus

relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a

federal issue is also presented.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A state's

interpretation of its own rules or statutes does not raise a federal constitutional issue.  *Wainwright*

*v. Goode*, 464 U.S. 78, 83 (1983); *Moreno v. Estelle*, 717 F.2d 171, 179 (5ᵗʰ Cir. 1983).  When a

federal court considers whether habeas corpus is warranted, the decision is limited to whether a

conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. §2254; *Rose*

*v. Hodges*, 423 U.S. 19, 21 (1975).  Ford's claim is not cognizable in federal habeas corpus review

because he does not allege an attendant federal constitutional claim.  *See Campos v. Johnson*, 958

F. Supp. 1180, 1188-89 (W.D. Tex. 1997).  Moreover, as a matter of Texas law, whether to grant

credit for the presentence time a defendant sentenced to a state jail facility spends in county jail is

permissible, but not mandatory.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2) (Vernon

Supp. 2005).[2]  Thus, a state trial court may choose to deny a defendant credit for time served in

county jail from the time of his arrest until the time he was sentenced to confinement in a state jail

facility.  Accordingly, the trial court acted within its discretionary sentencing powers to disallow

Ford the pretrial time credit he seeks.

---

[1](...continued)
sentence for his offense.  *See Parker v. Estelle*, 498 F.2d 625, 627 (5ᵗʰ Cir. 1974); *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997).  *See generally* TEX. PENAL CODE ANN. § 12.35 (Vernon 2003).

[2]Article 42.12, § 15(h)(2) provides:

> A judge may credit against any time a defendant is required to serve in a state jail felony facility time served by the defendant in county jail from the time of the defendant's arrest and confinement until sentencing by the trial court.

## II.  RECOMMENDATION

Because Ford has failed to make a substantial showing of the denial of a federal right, the

petition for writ of habeas corpus should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document.  The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until June 19, 2007.  The United States District Judge need only make a *de

novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 19, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 29, 2007.

        /s/   Charles Bleil
        CHARLES BLEIL
        UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge—Page 5 of 5**